UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| QING CHEN, | CASE NO. C19-1442-JCC |
| Plaintiff, | MINUTE ORDER |
| v. | |
| CITY OF BELLEVUE, | |
| Defendant. | |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court *sua sponte*. Plaintiff Qing Chen, a resident of Bellevue, Washington, brings suit against Defendant City of Bellevue. (*See* Dkt. No. 1 at 1–2.) Plaintiff states that while she was walking in Bellevue in February 2019, she fell and broke her ankle because of gravel Defendant had placed alongside the road. (*See id.* at 7.) Plaintiff asserts that "[t]his is a liability charge and negligence from the defendant caused me substantial personal injury and related losses." (*Id.*) Plaintiff seeks approximately $3,000 in out-of-pocket costs along with unspecified damages for pain and suffering, inability to perform her professional work, loss of quality of life, and long-term medical damage. (*Id.*) In her civil cover sheet, Plaintiff states that the Court has jurisdiction because the United States Government is a defendant. (*See* Dkt. No. 4 at 2.) Plaintiff's complaint does not assert another basis for the Court's jurisdiction. (*See*

1 | Dkt. No. 1 at 3–5.)

2 | A court may *sua sponte* raise the issue of subject matter jurisdiction at any time during an
3 | action. *Allstate Ins. Co. v. Hughes,* 358 F.3d 1089, 1093 (9th Cir. 2004); Fed. R. Civ. P. 12(h)(3).
4 | Federal courts generally possess two types of subject matter jurisdiction—federal question
5 | jurisdiction and diversity of citizenship jurisdiction. Federal question jurisdiction exists where a
6 | plaintiff's claim arises "under the Constitution, law, or treaties of the United States." 28 U.S.C.
7 | § 1331. Diversity of citizenship jurisdiction exists where the amount at issue in the lawsuit is
8 | more than $75,000 and no plaintiffs or defendants are citizens of the same state. *See* 28 U.S.C. §
9 | 1332. "If the court determines at any time that it lacks subject matter jurisdiction, the court must
10 | dismiss the action." Fed. R. Civ. P. 12(h)(3).

11 | Plaintiff's complaint does not plead facts demonstrating that the Court has subject matter
12 | jurisdiction over this case. While Plaintiff states that the Court has jurisdiction because the
13 | United States Government is a defendant, the only named defendant in her complaint is the City
14 | of Bellevue. (*Compare* Dkt. No. 4 at 2, *with* Dkt. No. 1 at 1–2.) Plaintiff's complaint does not
15 | assert a claim arising under the Constitution, federal law, or a treaty of the United States, and
16 | thus she has not invoked the Court's federal question jurisdiction. *See* 28 U.S.C. § 1331; (*see*
17 | *generally* Dkt. No. 1). And Plaintiff has not pled facts demonstrating that she seeks damages in
18 | excess of $75,000 or that she and Defendant are citizens of different states. *See* 28
19 | U.S.C. § 1332; (Dkt. Nos. 1 at 1–2, 7; 4 at 2).

20 | For the foregoing reasons, the Court hereby ORDERS Plaintiff to show cause why her
21 | complaint should not be dismissed for lack of subject matter jurisdiction. Plaintiff's response to
22 | this order must be submitted no later than 21 days from the date the order is issued and must not
23 | exceed six pages in length.

24 | //

25 | //

26 | //

1  DATED this 3rd day of December 2019.

2                                                    William M. McCool
                                                     Clerk of Court
3

4                                                    s/Tomas Hernandez
                                                     Deputy Clerk
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

MINUTE ORDER
C19-1442-JCC
PAGE - 3